UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DAWEL GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>EMILIO GONZALEZ #3965,<br><br>Defendant. | Case No.: 23-cv-2026-WQH-DDL<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Christopher Dawel Gomez is a prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Defendant Emilio Gonzalez's Motion to Dismiss ("Motion"). Dkt. No. 11. This Report and Recommendation is submitted to United States District Judge William Hayes pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1. For the reasons stated below, the undersigned **RECOMMENDS** the Motion be **DENIED**.

I.

<u>BACKGROUND</u>

**A. <u>Procedural History</u>**

On November 1, 2023, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1 ("Complaint" or "Compl."). Named as defendants were Gonzalez ("Defendant"), whom Plaintiff accused of "excessive force [and]

cruel and unusual punishment" during his arrest and processing on April 23, 2023, and "San Diego County Jail," for its alleged failure to protect Plaintiff from cruel and unusual punishment. *See* generally Complaint. On November 14, 2023, after conducting the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the Court dismissed San Diego Central Jail ("Central Jail"), finding it was not subject to suit under § 1983. Dkt. No. 3 at 5. However, the Court found Plaintiff's allegations against Defendant were sufficient to meet the "low threshold" for proceeding. *Id*. at 7.

On February 28, 2024, Defendant waived service of process. Dkt. No. 10. On April 26, 2024, Defendant filed the instant Motion. Dkt. No. 11-3. Plaintiff's opposition to the Motion ("Opposition" or "Opp.") was docketed on July 5, 2024. Dkt. No. 21. Defendant did not file a reply.

B. <u>Summary of Allegations</u>

According to the Complaint, on April 18, 2023, Plaintiff was "involved in[] a car collision." Compl. at 3. Plaintiff was charged with driving under the influence. *See* Dkt. No. 11-2 at 13, 22. Plaintiff recounts that during his booking on these charges at the San Diego Central Jail:

> [Gonzalez] acted in an egrigous [*sic*] way while I was in restraints the entire time . . . Gonzalez was extremely rough in patting me down applying excessive force at times bending my middle left finger pushing and pulling on me invoking more pain upon me . . . [Gonzalez] continually became aggressive until, last I remember calling [Gonzalez] a p***y which led him to punch me twice in my mouth additionally slamming me to the ground causing me to lose consciousness . . . Due to [Gonzalez's use of] excessive force I received 4 stitches to my bottom lip (now permitly [*sic*] scar[r]ed) and ongoing psychological help for pain and suffering.

Compl. at 3; *see also* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss Complaint ("Memorandum" or "Mem."), Dkt. No. 11-1, at 2 (stating Plaintiff was "processed by [Defendant]" at Central Jail after his

arrest). Plaintiff alleges these actions violated his right to be free from excessive force and cruel and unusual punishment.[1] *See* Compl. at 2, 3.

Plaintiff's Complaint was prepared on a fillable form titled "§ 1983 SD Form (Rev 8/15)." *See generally id*. The form contains a space for a prisoner-plaintiff to respond to the question, "Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged [in the complaint]?" Plaintiff checked the box "No." Compl. at 6. He explained: "I felt the matter of my issue was beyond a[n] inmate greivance [*sic*] or 602, not to mention I'm being falsely charged by San Diego County Jail as they're red herring the actions of [Gonzalez] inflicted upon me." *Id.* at 6.

**C. Defendant's Motion**

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 11. Defendant asserts four grounds s for dismissal: first, that Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"); second, Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); third, Plaintiff failed to comply with California's Government Tort Claims Act (the "Government Claims Act"); and fourth, that Plaintiff fails to allege sufficient facts to support a claim for excessive force. *See generally* Memorandum.

///

---

[1] As before, for the purposes of this Report and Recommendation, the Court assumes Plaintiff's cause of action for "excessive force" arises under the Fourteenth Amendment. *See* Dkt. No. 3 at 7 (citing *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) for the proposition that an action for injuries suffered by pretrial detainees arises under the Fourteenth Amendment's Due Process Clause); *see also Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 924 n.2 (9th Cir. 2017). ("The Fourteenth Amendment, and not the Eighth Amendment, governs cruel and unusual punishment claims of pretrial detainees.") (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).

## II.

## **LEGAL STANDARDS**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[2] To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). The court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party," *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007), but need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F. 3d 1049, 1055 (9th Cir. 2008). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pleadings drafted by *pro se* inmates such as plaintiff are "held to less stringent standards than formal pleadings drafted by lawyers" and the Court must construe them "liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nevertheless, the complaint "must allege with at least some degree of particularity overt acts which defendants engaged in to support plaintiff's claim." *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1196 (E.D. Cal. 2013).

///
///
///

---

[2] Unless otherwise noted, all internal quotations marks, ellipses, brackets, citations, footnotes and parallel reporter citations are omitted.

## III.

## DISCUSSION

### A. Consideration of Matters Outside the Complaint

Both parties submit documents outside of the pleadings with their moving papers. *See* Dkt. No. 11-2 (Defendant's Request for Judicial Notice); Dkt. Nos. 21-1 through 21-3 (Exhibits 1 through 14 to Plaintiff's Opposition). "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The Court addresses the parties' extrinsic documents in turn.

#### 1. *Defendants' Request for Judicial Notice*

Defendant requests the Court take judicial notice of a document titled "Notice of Returned Claim," issued by the Office of County Counsel Claims and Investigation Division to Plaintiff on January 2, 2024, and the following records from *The People of the State of California v. Christopher Gomez*, San Diego Superior Court case number CD298705: (1) the charging complaint, dated April 20, 2023; (2) a change of plea form dated October 18, 2023; and (3) the court docket of sentencing dated January 8, 2024.

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of facts "generally known within [its] territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1) and (2). The Court finds the documents related to Plaintiff's criminal proceedings in Superior Court satisfy these standards. *See Gonzales v. City of Los Angeles*, No. 220CV03519JGBMAA, 2021 WL 4442409, at *3 (C.D. Cal. Mar. 10, 2021), *report and recommendation adopted*, No. 220CV03519JGBMAA, 2021 WL 4434341 (C.D. Cal. May 27, 2021) (taking judicial notice of court document as "a public record that is not subject to reasonable dispute," and collecting cases). Furthermore, these documents are relevant to the Court's disposition of Defendant's argument that Plaintiff's claims

are barred by *Heck*. For these reasons, the Court takes judicial notice of the charges brought against Plaintiff, his subsequent guilty plea to two of those counts, and his resulting sentence and incarceration, as reflected in the Superior Court documents.

The Court declines, however, to take judicial notice of the Notice of Returned Claim. For the reasons discussed below, this document is not relevant to the Court's evaluation of Plaintiff's Complaint, because Plaintiff has not alleged any causes of action arising under state law. *See Black Lives Matter-Stockton Chapter v. San Joaquin Cnty. Sheriff's Office*, 398 F. Supp. 3d 660, 681 (E.D. Cal 2019) ("judicial notice [is] inappropriate where the facts to be noticed are not relevant to the disposition of the issues before the court").

    2. *Plaintiff's Exhibits*

Plaintiff attaches numerous documents to his Opposition. The Court construes Plaintiff's submission of these materials as a request for judicial notice and has also considered whether any of the documents may fairly be considered under the incorporation-by-reference doctrine.[3] *See Khoja*, 899 F.3d at 998 (noting the "two exceptions" to the prohibition on considering materials outside the complaint are judicial notice and incorporation by reference); *see also Ritchie,* 342 F.3d at 908 (noting the court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, [and] matters of judicial notice . . . without converting [a] motion to dismiss into a motion for summary judgment").

/ / /

---

[3]   *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (explaining that "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

Exhibits 1, 9 and 11 to the Opposition relate to Plaintiff's correspondence to San Diego County Sheriff's Department Internal Affairs and the San Diego County Board of Supervisors. *See* Dkt. Nos. 21-1 at 1-3; 31-32; and 39-48. These documents are neither subject to judicial notice nor extensively discussed in Plaintiff's Complaint. Furthermore, the documents are irrelevant to the Court's disposition of the Motion. For these reasons, the Court declines to consider these exhibits.

Exhibits 2, 3, 4, 5, 6, 7, 8, 12 and 14 to the Opposition are various reports, diagrams, officer statements, and follow-up documentation concerning Plaintiff's arrest. *See* Dkt. No. 21-1 at 4-30; Dkt. No. 21-2 at 1-3; Dkt. No. 21-3 at 1-2. These documents are neither attached to nor discussed extensively in his Complaint. The Court also finds these documents (and, more to the point, the facts recited in them) are not so inherently reliable as to merit judicial notice. *See* Fed. R. Evid. 201(b). Although they may provide context to Plaintiff's allegations, the Ninth Circuit cautions against the "unscrupulous use of extrinsic documents to resolve competing theories" at this stage. *Khoja*, 899 F.3d at 998. Accordingly, the undersigned will not consider these exhibits.

Plaintiff has also attached voluminous healthcare-related records to his Opposition, as Exhibits 10 and 13 and also an unenumerated collection. *See* Dkt. No. 21-1 at 33-38; Dkt. No. 21-2 at 5-45; Dkt. No. 21-3 at 5-43. For the same reasons as discussed above, the Court finds these records are not properly considered either as documents incorporated in the Complaint or by means of judicial notice, and furthermore concludes they are not necessary to the resolution of Defendant's Motion. Therefore, the Court declines to consider Plaintiff's medical records and other healthcare information.

Having determined the appropriate scope of the record before it, the Court addresses each of Defendant's arguments in support of dismissal.

/ / /

**B. Plaintiff's Failure to Exhaust Cannot Be Resolved on the Current Record**

Defendant asserts Plaintiff's Complaint is subject to dismissal without prejudice, as Plaintiff "admits that he did not take the necessary steps to exhaust his pre-litigation administrative remedies." Mem. at 6.

*1. Legal Standards*

The PLRA requires inmates bringing a § 1983 action to exhaust "such administrative remedies as are available" before filing suit in federal court. 42 U.S.C. §1997e(a). This requirement "give[s] an agency the opportunity to correct its own mistakes before being dragged into federal court" and "promote[s] greater efficiency and economy in resolving claims." *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015). Exhaustion of available remedies is "is mandatory," but a prisoner's "failure to exhaust a remedy that is effectively unavailable does not bar a claim from being heard in federal court." *Soto v. Sweetman*, 882 F.3d 865, 869-70 (9th Cir. 2018).

Failure to exhaust is an affirmative defense for which the defendant bears the burden of proof. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). To prevail, the defendant must show "there was an available administrative remedy [the plaintiff] did not exhaust." *Eaton v. Blewett*, 50 F.4th 1240, 1246 (9th Cir. 2022). In "rare cases," a prisoner's failure to exhaust may be "clear from the face of the complaint," and the defendant may "successfully move under Rule 12(b)(6) for failure to state a claim." *Albino*, 747 F.3d at 1169. To grant a motion to dismiss on the basis of a prisoner's failure to exhaust, the district court must "be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without valid excuse." *Id.* (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)).

*2. Application*

That Plaintiff did not pursue an administrative grievance is undisputed: Plaintiff indicated on his form Complaint he had not "sought and exhausted all

forms of available relief from the proper administrative officials regarding" the allegations in his complaint. Compl. at 6. Plaintiff's explanation for this failure is he believed his issue "was beyond an inmate grievance," and further reiterates his allegation that the charges against him were meant to cover up Defendant's wrongdoing. *See id.* Bearing in mind that "Rule 8 does not require plaintiffs to plead around affirmative defenses," *see U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019), the Court does not find Plaintiff's check-the-box response is a sufficient basis upon which to find conclusively that Plaintiff failed to exhaust his available administrative remedies "without valid excuse." *Albino*, 747 F.3d at 1169.

Plaintiff's further statements to the Court demonstrate the need for further development of the record. For example, in his Opposition, Plaintiff explains his failure to exhaust by stating his "initial complaints" were "followed by charges being increased," and he "feared that any further complaints by the jail grievance system would result in retaliation . . .." Opp. at 3. Elsewhere in these proceedings, however, Plaintiff has stated simply that he filed suit "not understand[ing] that it was [*sic*] certain filing procedures need to be applied before going straight to civil courts." Dkt. No. 17 at 1 (Plaintiff's unsolicited letter to the Court, dated May 29, 2024). The record is devoid of any information regarding the administrative remedies available to Plaintiff, the grievance procedures by which Plaintiff could or should have pursued those remedies, or whether any failure to follow the applicable procedures should be excused, either because of a sincerely held and objectively reasonable fear of retaliation or another reason.[4] Because there is a

/ / /

---

[4] Defendant urges the Court to "look beyond the pleadings," but cites only to Plaintiff's Complaint in support of his assertion that Plaintiff's acknowledged failure to exhaust warrants dismissal. *See* Mem. at 5, 6.

"need for further factual development" on the issue of exhaustion, dismissal is inappropriate. *See McBride*, 807 F.3d at 985.

Accordingly, the undersigned **RECOMMENDS** Defendant's Motion for dismissal on this basis be **DENIED** without prejudice to raising the issue in a subsequent summary judgment motion, on a more developed record.[5]

## C. Whether Plaintiff's Claims Are Barred by *Heck v. Humphrey* Cannot Be Resolved on the Current Record

Defendant argues that since Plaintiff pled guilty to "resisting arrest through force or violence" in violation of California Penal Code § 69, he is "now barred from bringing § 1983 claims for malicious prosecution, false arrest and excessive use of force" under *Heck*. Mem. at 6.

### 1. *Legal Standards*

In *Heck*, the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

---

[5] The Court is aware of the Ninth Circuit's directive that "exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino*, 747 F.3d at 1170. If the District Court accepts this Report and Recommendation and the case proceeds, the undersigned will consider any reasonable proposal to bifurcate discovery or otherwise expedite resolution of the issue of exhaustion. *See id.* ("If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later . . . discovery directed to the merits of the suit.").

512 U.S. at 487 (emphasis in original). *Heck*'s prohibition applies to convictions resulting from a guilty plea. *See Martell v. Cole*, 115 F. 4th 1233, 1236 (9th Cir. 2024).

The *Heck* court's holding flows from the principle that a prisoner's challenge to the fact or duration of their confinement is at "the core of habeas corpus," which provides the "exclusive remedy" for unconstitutional imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 487-89 (further noting the appellant's counsel "conceded . . . a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus"); *accord McDonough v. Smith,* 588 U.S. 109, 118 n.6 (2019) (noting "Congress has determined that a petition for writ of habeas corpus, not a § 1983 action, is the appropriate remedy for state prisoners attacking the . . . fact or length of their confinement").

2. *Application*

The Court agrees with Defendants that Plaintiff's allegations that the charges against him were "false" and "100% red herring" (Compl. at 3) cannot be adjudicated in this lawsuit. Mem. at 7. The Court does not agree, however, that *Heck* "serves as a *complete* bar to [Plaintiff's] claim for excessive force." *See id*. (emphasis added). True, Plaintiff pled guilty to violating Penal Code § 69, resisting an executive officer. Dkt. No. 11-2 at 8, 13. A necessary element of that offense is that the officer was performing "duty imposed . . . by law," which necessarily means the officer was using lawful force. *See* Cal. Penal Code § 69 (West 2016); *see also Winder v. McMahon*, 345 F. Supp. 3d 1197, 1201 (C.D. Cal. 2018) (noting "an element of a charge for resisting arrest (under either Penal Code § 148 or § 69) is that the officer defendants acted properly, without the use of excessive force"); *Sanders v. City of Pittsburg*, 14 F.4th 968, 971 (9th Cir. 2021) (finding under similar statute "[t]he use of excessive force by an officer is not within the performance of the officer's duty").

However, the Ninth Circuit holds that "[e]xcessive force used after an arrest is made does not destroy the lawfulness of the arrest." *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001). "Hence, if [Defendant] used excessive force subsequent to the time [Plaintiff] interfered with his duty, success in [Plaintiff's] section 1983 claim will not invalidate [his] conviction[, and] *Heck* is no bar." *Id.*[6] As one court explained, "a plaintiff alleging excessive force does not collaterally attack his conviction or deny that he resisted[, but] [r]ather . . . claims that he suffered unnecessary injuries because the response to his resistance was not objectively reasonable." *Hooper*, 629 F.3d at 1133 (quoting *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006)).

Therefore, to determine whether *Heck* bars Plaintiff's excessive force claim, the Court must look to the factual basis for Plaintiff's guilty plea. *See Martell*, 115 F.4th at 1236 ("When the conviction is based on a guilty plea, we look at the record to see which acts formed the basis for the plea."). Neither the charging documents nor the record of Plaintiff's plea provide enough information for the Court to answer the "question [of] whether the specific act for which the plaintiff was convicted was resistance to the particular use of force the plaintiff alleges was unlawful." *Id.* at 1238. The charging document merely recites the elements of the charge. Dkt. No.

---

[6] *See also Sanders*, 14 F.4th at 971 (finding *Heck* would not bar claim for excessive force "if the alleged excessive force occurred *before* or *after* the acts that form the basis of the [conviction], even if part of one continuous transaction") (emphasis in original); *Beets v. County of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012) ("[A]n allegation of excessive force by a police officer would not be barred by *Heck* if it were distinct temporally or spatially from the factual basis for the person's conviction."); *Winder*, 345 F. Supp. 3d at 1202 (finding a conviction under Penal Code § 69 "can be valid even if, during a single continuous chain of events, some of the officer's conduct was unlawful, because the conviction itself requires only that *some* lawful police conduct was resisted, delayed, or obstructed during that continuous chain of events") (citing *Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1131 (9th Cir. 2011)) (emphasis added).

11-2 at 8. Plaintiff's guilty plea recites as follows: "I admit that on the dates charged, I . . . unlawfully by means of threats and violence, attempted to deter an executive officer from performing a duty imposed by law in the performance of his duties in viol[ation] [of] P[enal] C[ode] [§] 69." Dkt. No. 11-2 at 15. Plaintiff alleges in his Complaint Defendant punched him because Plaintiff called Defendant a "p***y," yet states in his Opposition Defendant punched him after being "gassed." *Compare* Compl. at 6 *with* Opp. at 3. Regardless of this discrepancy, neither event is definitively identified in the charging documents or plea agreement as the act upon which his conviction for violating Penal Code § 69 rests.

In sum, it is not clear from this record which act or acts of resistance form the basis of Plaintiff's guilty plea, where those acts fall in the timeline of events on April 18, 2023, and – importantly – whether those acts can be divided temporally or otherwise from Defendant's alleged use of excessive force (which itself appears to consist of two distinct and possibly divisible acts).[7] Because "the record is silent about which one (or more) of [Plaintiff's] resisting or obstructing acts was (or were) the factual predicate of his guilty plea," the Court cannot conclude that Defendant used excessive force "would necessarily imply the invalidity of [Plaintiff's] conviction." *See Martell*, 115 F.4th at 1239; *see also Winder*, 345 F.Supp.3d at 1204-05 (contrasting *Heck* analysis at summary judgment where the record included the "factual basis" for the plaintiff's no contest plea with a motion to dismiss, where all allegations must be taken as true, and it was "possible to construe [Plaintiff's] plea as consistent with the facts alleged in his complaint"). The Court finds the current record is insufficient to support a finding that *Heck* bars Plaintiff's excessive force claim.

---

[7] Indeed, although it appears undisputed based on Plaintiff's allegations, it is not even clear from the charging documents and guilty plea which officer's lawful duties Plaintiff obstructed.

Accordingly, the undersigned **RECOMMENDS** Defendant's motion for dismissal on this basis be **DENIED** without prejudice to raising the issue at summary judgment, on a more developed record.

### D. Plaintiff's Claims Are Not Barred by the Government Claims Act

As a further basis for dismissal, Defendant asserts Plaintiff failed to comply with the Government Claims Act, which sets forth predicate requirements for bringing state-law claims against a public entity or employee. Mem. at 3; *see also* Cal. Gov. Code §§ 900 *et seq*.

#### 1. Legal Standards

As the Ninth Circuit has observed, section 1983 "provides a uniquely federal remedy" for "incursions" by state actors "upon rights secured by the Constitution." *Valenzuela v. City of Anaheim*, 6 F.4th 1098, 1102 (9th Cir. 2021); *see also Williams v. Horvath*, 16 Cal. 3d 834, 841 (1976) ("The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked."). It is therefore "well established that the notice and claim-filing requirements of the Government Claims Act are inapplicable to federal claims brought under section 1983." *Williams v. Rodriguez*, No. 114CV02073-AWISABPC, 2017 WL 511858, at *7 (E.D. Cal. Feb. 8, 2017) (citing, *inter alia*, *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980), *Donovan v. Reinbold*, 433 F.2d 738, 742 (9th Cir. 1970) and *Williams*, 16 Cal. 3d at 842); *accord Dowell v. Contra Costa Cnty.*, 928 F. Supp. 2d 1137, 1151 n.4 (N.D. Cal. 2013) (finding argument regarding "noncompliance with the [Government] Claims Act" was "inapplicable" to federal constitutional claims in § 1983 action); *Stone v. City and Cnty. of San Francisco*, 735 F. Supp. 340, 345 (N.D. Cal. 1990) ("a claimant need not comply with California tort claim requirements prior to filing a section 1983 action").

/ / /
/ / /

### 2. *Application*

Plaintiff's Complaint does not state any causes of action arising under state law. *See generally* Complaint. His sole cause of action against Defendant for the use of excessive force is brought pursuant to § 1983. Even assuming Defendant has demonstrated Plaintiff's failure to comply with the Government Claims Act, such failure is not a basis for dismissal of the Complaint. *See Doe v. Kaweah Delta Hosp.*, No. 1:08-CV-0118-AWI-GSA, 2016 WL 4381870, at *3 (E.D. Cal. Aug. 16, 2016) ("[a] plaintiff cannot be precluded from bringing a Section 1983 [claim] due to failure to give the pertinent governmental agency notice" pursuant to the Government Claims Act).

Accordingly, the undersigned **RECOMMENDS** Defendant's motion for dismissal on this basis be **DENIED**.

### E. Failure to State a Claim

As a final basis for dismissal, Defendant asserts Plaintiff has failed to state a claim that Defendant's use of force violated Plaintiff's Eighth Amendment rights. Mem. at 8-9. Defendant states Plaintiff "has failed to elicit any facts to support why the pat down search [conducted by Defendant] . . . rose to the level of an Eighth Amendment violation." *See id.* at 8.

### 1. *Legal Standards*

Both the Eighth and Fourteenth Amendments prohibit the use of excessive force by prison officials. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners."); *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment"). As explained above, the Court presumes Plaintiff's claims arise under the Fourteenth Amendment, as he had not yet been convicted of any crime at the time of the events giving rise to the complaint. *See Castro*, 833

F.3d at 1067. To prevail on a claim for excessive force under the Fourteenth Amendment, Plaintiff must prove "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 397. Determination of whether the officer's use of force was reasonable will involve consideration of, among other things, "the relationship between the need for the use of force and the amount of force used," "the extent of the plaintiff's injury," whether the officer made "any effort made. . . to limit the amount of force," "the threat reasonably perceived by the officer," and "whether the plaintiff was actively resisting." *Id.*

    2. *Application*

According to the Complaint, during Plaintiff's processing at Central Jail, Defendant became "increasingly aggressive" and "showed zero remorse" for the pain he was inflicting on Plaintiff. Compl. at 3. Plaintiff further alleges Defendant's aggression toward him – despite Plaintiff being in restraints at the time – culminated in Defendant "punching" Plaintiff twice and "slamming [him] to the ground," rendering Plaintiff unconscious. *Id.* Plaintiff's injuries required treatment at the hospital, including several stitches. *See id.* Although the Complaint is not rich in detail, the Court finds these allegations are sufficient to state a facially plausible claim against Defendant for the use of excessive force. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Perhaps recognizing this, Defendant acknowledges the act of punching Plaintiff unconscious "if not justified, may be sufficient to satisfy an Eighth Amendment claim," but reiterates his earlier argument that Plaintiff's claim is barred under *Heck*. For the reasons discussed in this Report and Recommendation, the Court disagrees.

Accordingly, the undersigned **RECOMMENDS** Defendant's motion for dismissal on this basis be **DENIED**.

## IV.

## CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Judge (1) approving and adopting this Report and Recommendation in its entirety; (2) denying Defendant's Motion to Dismiss; and (3) directing Defendant to answer Plaintiff's Complaint.

**IT IS HEREBY ORDERED** that any objections to this Report and Recommendation must be filed by not later than **November 20, 2024**. Any response to a party's objections must be filed by not later than **December 4, 2024**. Failure to timely file objections may waive the right to raise those objections on appeal. *See Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

**IT IS SO ORDERED.**

Dated: November 6, 2024

*/s/ David Leshner*

Hon. David D. Leshner
United States Magistrate Judge