# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DAWEL GOMEZ,<br><br>  Plaintiff,<br><br>vs.<br><br>EMILIO GONZALEZ #3965, San Diego Sheriff,<br><br>  Defendant. | Case No.:  3:23-cv-02026-WQH-DDL<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Complaint (the "Motion to Dismiss") filed by Emilio Gonzalez #3965 ("Defendant") (ECF No. 11), the Report and Recommendation for Order Denying Defendant's Motion to Dismiss (the "Report and Recommendation") issued by Magistrate Judge David D. Leshner (ECF No. 25) and the Objection to the Report and Recommendation (the "Objection") filed by Defendant (ECF No. 26).

**I.  BACKGROUND**

On November 1, 2023, Christopher Dawel Gomez ("Plaintiff"), a state prisoner proceeding pro se, filed the operative Complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") against Defendant and the San Diego Central Jail. (Compl., ECF No. 1.)

Plaintiff alleges that on April 18, 2023, he was "involved in[] a car collision." (Compl. at 3.) In connection with the collision, Plaintiff was charged with driving under the influence and resisting an executive officer. (ECF No. 11-2 at 13.)[1] Plaintiff alleges that during his booking on these charges at the San Diego Central Jail, Defendant:

> [Gonzalez] acted in an egrious [sic] way while I was in restraints the entire time … Gonzalez was extremly [sic] rough in patting me down applying excessive force at times bending my middle left finger, pushing and pulling on me invoking more pain upon me … [Gonzalez] continually became aggressive until, last I remember calling [Gonzalez] a "p\*\*\*y" which led him to punch me twice in my mouth additionally slamming me to the ground causing me to lose consciousness … Due to [Gonzalez's use of] excessive force I received "4" stitches to my bottom lip (now permitly [sic] scared [sic]) and ongoing physchological [sic] help for pain and suffering.

(Compl. at 3.) Plaintiff alleges these actions violated his right to be free from excessive force and cruel and unusual punishment. (*See id.* at 2, 3.)

Plaintiff's Complaint was prepared on a fillable form which contains a space for a prisoner-plaintiff to respond to the question, "Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged [in the complaint]?" Plaintiff checked the box "No." *Id.* at 6. He explained: "I felt the matter of my issue was beyond a[n] inmate greivance [sic] or 602, not to mention I'm being falsely charged by San Diego County Jail as they're red herring the actions of [Gonzalez] inflicted upon me." *Id.*

On November 14, 2023, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his claims against the San Diego Central Jail, finding it was not subject to suit under § 1983. (ECF No. 3 at 5.) However, the Court found that Plaintiff's allegations against Defendant were sufficient to meet the "low threshold" for proceeding and directed the U.S. Marshal to effect service upon Defendant on Plaintiff's behalf. *Id.* at 7.

---

[1] The Court takes judicial notice of the charges brought against Plaintiff and his guilty plea. *See* Fed. R. Evid. 201(b)(1)–(2).

1     On February 28, 2024, Defendant waived service of process. (ECF No. 10.)

2     On April 26, 2024, Defendant filed the Motion to Dismiss. (ECF No. 11.) In the
3  Motion to Dismiss, Defendant contends that Plaintiff's Complaint should be dismissed in
4  its entirety because: (1) Plaintiff failed to exhaust his available administrative remedies as
5  required by the Prison Litigation Reform Act (the "PLRA"), (2) Plaintiff's claims are
6  barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), (3) Plaintiff failed to comply with
7  California's Government Tort Claims Act (the "Government Claims Act"), and (4)
8  Plaintiff fails to allege sufficient facts to support a claim for excessive force. (ECF No. 11-
9  1 at 5–9.)

10    On the same day, Defendant also filed the Request for Judicial Notice in Support of
11 Defendant's Motion to Dismiss ("Defendant's Request for Judicial Notice"), requesting
12 the Court take Judicial Notice of four exhibits in support of the Motion to Dismiss. (ECF
13 No. 11-2.)

14    On July 5, 2024, Plaintiff filed the Opposition to the Defendant's Motion that is
15 Dated 4-26-2024 (the "Opposition"). (ECF No. 21.) Plaintiff attached numerous
16 documents to the Opposition, which the Court construes as Plaintiff's Request for Judicial
17 Notice. (*See* ECF Nos. 21-1–21-3). The docket reflects that Defendant did not file a reply.

18    On November 6, 2024, Magistrate Judge Leshner issued the Report and
19 Recommendation, recommending the Court deny the Motion to Dismiss and direct
20 Defendant to answer Plaintiff's Complaint. (ECF No. 25 at 17.)

21    On November 20, 2024, Defendant filed the Objection. (ECF No. 26.) The docket
22 reflects that Plaintiff did not file a reply.

23 **II.   THE REPORT & RECOMMENDATION**

24    The Report and Recommendation considers each of Defendant's contentions in turn.
25    With respect to Defendant's Request for Judicial Notice, Magistrate Judge Leshner
26 took judicial notice of the charging complaint, a change of plea form, and the court docket
27 of sentencing. Magistrate Judge Leshner declined to take judicial notice of a document
28 entitled the Notice of Returned Claim, finding that "the document is not relevant to the

Court's evaluation of Plaintiff's Complaint." (ECF No. 25 at 6.) With respect to Plaintiff's Request for Judicial Notice, Magistrate Judge Leshner declined to take judicial notice of any of the documents submitted by Plaintiff. *See id.* at 6–7.

With respect to Plaintiff's failure to exhaust his pre-litigation remedies, the Report and Recommendation states:

> the Court does not find Plaintiff's check-the-box response is a sufficient basis upon which to find conclusively that Plaintiff failed to exhaust his available administrative remedies "without valid excuse." [*Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014)] … The record is devoid of any information regarding the administrative remedies available to Plaintiff, the grievance procedures by which Plaintiff could or should have pursued those remedies, or whether any failure to follow the applicable procedures should be excused, either because of a sincerely held and objectively reasonable fear of retaliation or another reason. Because there is a "need for further factual development" on the issue of exhaustion, dismissal is inappropriate. *See McBride* [*v. Lopez*, 807 F.3d 982, 985 (9th Cir. 2015)].

(*Id.* at 9–10.)

With respect to the Supreme Court's bar against Plaintiff's claims pursuant to *Heck*, the Report and Recommendation states:

> the Ninth Circuit holds that "[e]xcessive force used after an arrest is made does not destroy the lawfulness of the arrest." *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001). "Hence, if [Defendant] used excessive force subsequent to the time [Plaintiff] interfered with his duty, success in [Plaintiff's] section 1983 claim will not invalidate [his] conviction[, and] *Heck* is no bar." *Id.* … Neither the charging documents nor the record of Plaintiff's plea provide enough information for the Court to answer the "question [of] whether the specific act for which the plaintiff was convicted was resistance to the particular use of force the plaintiff alleges was unlawful." [*Martell v. Cole*, 115 F.4th 1233, 1238 (9th Cir. 2024)]. … In sum, it is not clear from this record which act or acts of resistance form the basis of Plaintiff's guilty plea, where those acts fall in the timeline of events on April 18, 2023, and – importantly – whether those acts can be divided temporally or otherwise from Defendant's alleged use of excessive force (which itself appears to consist of two distinct and possibly divisible acts). Because "the record is silent about which one (or more) of [Plaintiff's] resisting or obstructing acts was (or were) the factual predicate of his guilty plea," the Court cannot conclude that

> Defendant used excessive force "would necessarily imply the invalidity of [Plaintiff's] conviction." *See Martell*, 115 F.4th at 1239. …

*Id.* at 11–13.

With respect to any bar created by the Government Claims Act, the Report and Recommendation states:

> [i]t is [ ] "well established that the notice and claim-filing requirements of the Government Claims Act are inapplicable to federal claims brought under section 1983." *Williams v. Rodriguez*, No. 114CV02073-AWISABPC, 2017 WL 511858, at *7 (E.D. Cal. Feb. 8, 2017) … Plaintiff's Complaint does not state any causes of action arising under state law. *See generally* Complaint. His sole cause of action against Defendant for the use of excessive force is brought pursuant to § 1983. Even assuming Defendant has demonstrated Plaintiff's failure to comply with the Government Claims Act, such failure is not a basis for dismissal of the Complaint.

*Id.* at 14–15.

With respect to Defendant's contention that Plaintiff has failed to state a claim, the Report and Recommendation states, "[a]lthough the Complaint is not rich in detail, the Court finds [Plaintiff's] allegations are sufficient to state a facially plausible claim against Defendant for the use of excessive force." *Id.* at 16.

The Report and Recommendation concludes that Defendant's Motion to Dismiss should be denied. *Id.*

### III.   DEFENDANT'S OBJECTION

Defendant objects to the findings in the Report and Recommendation only as they relate to Magistrate Judge Leshner's analysis of the *Heck* doctrine. (ECF No. 26 at 1.) Defendant contends that, "Plaintiff's excessive force claim is barred by *Heck* because the conduct alleged to be excessive force is the same conduct that Plaintiff conceded was lawful by pleading guilty." *Id.* at 2. Defendant contends that Ninth Circuit precedent applying the *Heck* doctrine rejects the notion that a court can "'slice up the factual basis of a [ ] conviction to avoid the *Heck* bar.'" *Id.* at 3 (quoting *Sanders v. City of Pittsburg*, 14 F.4th 968, 972 (9th Cir. 2021)). Defendant contends that, pursuant to Plaintiff's Complaint, "no excessive force allegations arise from a separate and distinct incident. The force at

issue was part of one continuous event." *Id.* at 4. As such, Defendant contends that, "there is no avenue for Plaintiff to artfully plead around or divide up the underlying conduct to avoid the *Heck* bar." *Id.* Defendant concludes that "Plaintiff's excessive use of force claim should be barred" under the *Heck* doctrine. *Id.* at 6.

### IV. LEGAL STANDARD

The duties of the district court in connection with a report and recommendation issued by a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report … to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

### V. DISCUSSION

The Court now considers Defendant's contention that Plaintiff's excessive use of force claim is barred by *Heck v. Humphrey* on the face of the Complaint.

As the Report and Recommendation states, Plaintiff has pled guilty to violating California Penal Code Section 69 ("Section 69"), which prohibits resisting an executive officer. (ECF No. 25 at 11; *see also* ECF No. 11-2 at 8, 13.) A key element of this offense is that the officer was using lawful force at the time of the incident. *See* Cal. Penal Code § 69 (West 2016) (prohibiting individuals from resisting an executive officer who is performing a "duty imposed upon the officer by law"). "Under *Heck*, a § 1983 claim must be dismissed if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the conviction or sentence has already been invalidated." *Sanders*, 14 F.4th at 970 (quoting *Heck*, 512 U.S. at 487). However, "if the alleged excessive force occurred *before* or *after* the acts that form the basis of the [ ]

1  violation, even if part of one continuous transaction, the § 1983 claim doesn't 'necessarily
2  imply the invalidity of [a] criminal conviction.'" *Id.* at 971.

3  Defendant contends that "Plaintiff's own characterization of use of force describes
4  a continuous course of conduct involving a pat-down that turns into him being slammed
5  into the ground." (ECF No. 26 at 4 (citing Compl. at 3).) Defendant contends that the
6  Report and Recommendation's "attempt[ ] to look to the guilty plea to determine the
7  factual scenario that the plea encompassed" erroneously shifts "the burden from the
8  Plaintiff to the defense." *Id.* at 4. Defendant cites no authority to support this contention.
9  Lastly, Defendant contends that, because the court in a criminal case relies on the criminal
10 defendant or their counsel to provide the factual basis for a guilty plea, there is potential
11 for the criminal defendant and their counsel to "manipulate the plea agreement to
12 circumvent *Heck* in anticipation of civil litigation." *Id.* at 5–6. Thus, Defendant concludes
13 that the Court should dismiss Plaintiff's Complaint under *Heck* so that Plaintiff is not
14 "permitted to manipulate the plea process in a way that provides an improper advantage in
15 civil litigation." *Id.* at 6. Defendant cites no authority demonstrating that courts have
16 adopted arguments of this nature.

17 As the Report and Recommendation stated, "'[w]hen the conviction is based on a
18 guilty plea, we look at the record to see which acts formed the basis for the plea.'" (ECF
19 No. 25 at 12; *Martell*, 115 F.4th at 1236 (quoting *Lemos v. County of Sonoma*, 40 F.4th
20 1002, 1006 (9th Cir. 2022) (en banc)).) The *Heck* doctrine bars a § 1983 action only if the
21 "factual basis of the guilty plea" would be undermined by success in the action. *Id.* at 1236.
22 Although Defendant contented that a criminal defendant may manipulate a plea in
23 anticipation of civil litigation, in the absence of evidence of actual manipulation in this
24 case, the Court does not find this contention provides sufficient reason to depart from the
25 long line of authority which looks to the record to determine the basis for the plea. *See,*
26 *e.g., Martell*, 115 F.4th at 1236; *Lemos*, 40 F.4th at 1006; *Smith v. City of Hemet*, 394 F.3d
27 689, 696–97 (9th Cir. 2005) (en banc); *Sanford*, 258 F.3d at 1119–20; *Ames v. City of*
28 *Tempe*, 665 F. Supp. 3d 1013, 1052 (D. Ariz. 2023) (explaining that "it is necessary to

perform a detailed analysis of the record from the underlying criminal case to determine" the basis for the conviction), aff'd, No. 23-15609, 2024 WL 1502267 (9th Cir. Apr. 8, 2024); *Stoner v. Cnty. of Riverside*, No. EDCV1601045JAKPLAX, 2018 WL 7050836, at *7–8 (C.D. Cal. Mar. 14, 2018) (looking to the guilty plea and the plea hearing and finding that Plaintiff's allegations did not necessarily conflict with his conviction); *Wilson v. Doe 1*, No. SACV211008MWFJEM, 2022 WL 4227552, at *4 (C.D. Cal. Aug. 19, 2022) (finding that because neither the operative complaint nor the documents submitted to the court indicate the factual basis of Plaintiff's guilty plea, Plaintiff's claim is not barred under *Heck*), report and recommendation adopted, No. SACV211008MWFJEM, 2022 WL 4225378 (C.D. Cal. Sept. 13, 2022). Moreover, Defendant does not assert where the Court should look to determine the factual basis of the guilty plea if not to the record. Thus, at this stage in the proceedings, the Court finds it must look to the record to identify the acts underlying the plea and assess whether it is "possible to construe [Plaintiff's] plea as consistent with the facts alleged in his complaint." *Winder v. McMahon*, 345 F. Supp. 3d 1197, 1204–05 (C.D. Cal. 2018).

The record here is sparse. As the Report and Recommendation stated, to the extent Plaintiff alleges he was "falsely charged" with violations that are "100% [ ] red herring[s]," this allegation cannot be adjudicated in this lawsuit because it necessarily challenges the validity of his conviction under Section 69. (ECF No. 25 at 11.) However, Plaintiff's Complaint also alleges that, while he was in restraints, Defendant "was extremely rough in patting [him] down," "at times bending [his] middle finger" "continually bec[oming] aggressive until," Defendant "punch[ed] [him] twice in [his] mouth[;] additionally slamming [him] to the ground[,] causing [him] to lose consciousness." (Compl. at 3.) With respect to these allegations, neither Plaintiff's charging documents nor his guilty plea provide sufficient information for the Court to conclude that Plaintiff's plea is necessarily inconsistent with the facts alleged in his Complaint. (*See* ECF No. 11-2 at 8 (memorializing the charging documents, which simply recite the elements of the charge); ECF No. 11-2 at 15 (reciting Plaintiff's guilty plea as "I admit that on the dates charged, I … unlawfully by

means of threat and violence attempted to deter an executive officer from performing a duty imposed by law…").)

The Court finds it plausible that the events underlying Plaintiff's guilty plea occurred before or after Defendant's alleged use of excessive force. *See* Compl. at 3. The Court rejects Defendant's contention that this conclusion "shifts the burden from the Plaintiff to the defense" because the Court finds that Plaintiff does not have a burden at the pleading stage to proactively allege that his excessive force claim is predicated on acts separate from the acts underlying his guilty plea. *See, e.g.*, *Wilson*, 2022 WL 4227552, at *4–5.

Therefore, the Court finds that, at this stage in the proceedings, the record is insufficient to support a finding that the *Heck* doctrine serves as a complete bar to Plaintiff's excessive force claim.

## VI.     CONCLUSION

IT IS HEREBY ORDERED the Report and Recommendation (ECF No. 25) is adopted in full.

IT IS FURTHER ORDERED that Respondent's Objection (ECF No. 26) to the Report and Recommendation is overruled.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 11) is denied. Defendant shall file an answer to the Complaint no later than thirty (30) days from the entry of this Order.

Dated:  December 20, 2024

Hon. William Q. Hayes
United States District Court