1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 CHRISTOPHER DAWEL GOMEZ,          Case No.:  3:23-cv-02026-WQH-DDL

12                         Plaintiff,     **ORDER**

13                 vs.

14 EMILIO GONZALEZ #3965, San Diego
   Sheriff,
15
16                         Defendant.

17 HAYES, Judge:

18         The matter before the Court is the Motion to Allow Amendment of the Complaint to

19 Include State Law Claims ("Motion to Amend Complaint") (ECF No. 48) filed by Plaintiff

20 Christopher Dawel Gomez ("Plaintiff").

21 **I.    PROCEDURAL BACKGROUND**

22         On November 1, 2023, Plaintiff initiated this action by filing a Complaint pro se

23 ("Complaint") (ECF No. 1) against Defendants San Diego Central Jail and Emilio

24 Gonzalez #3965. Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), the Court dismissed

25 San Diego Central Jail as a defendant on November 14, 2023, and the case proceeded solely

26 against Emilio Gonzalez ("Defendant Gonzalez"). (ECF No. 3.)

27
28

On April 26, 2024, Defendant Gonzalez filed a Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss"). (ECF No. 11.) On July 5, 2024, Plaintiff filed a Response in Opposition to Defendant Gonzalez's Motion to Dismiss. (ECF No. 21.)

On November 6, 2024, Magistrate Judge David D. Leshner issued a Report and Recommendation for Order Denying Defendant Gonzalez's Motion to Dismiss ("Report and Recommendation"). (ECF No. 25.) On November 20, 2024, Defendant Gonzalez filed an Objection to the Report and Recommendation ("Objection"). (ECF No. 26.)

On December 20, 2024, the Court issued an Order (ECF No. 30) adopting the Report and Recommendation in full, overruling Defendant Gonzalez's Objection, denying Defendant Gonzalez's Motion to Dismiss, and directing Defendant Gonzalez to file an answer to the Complaint.

On January 17, 2025, Defendant Gonzalez filed an Answer to the Complaint. (ECF No. 31.)

On May 22, 2025, Plaintiff, now represented by counsel, filed the pending Motion to Amend Complaint. (ECF No. 48.) On June 6, 2025, Plaintiff filed the First Amended Complaint ("FAC"). (ECF No. 49.) The FAC alleges federal constitutional and state tort claims against Defendant Gonzalez, and adds as new Defendants Jose De La Torre, San Diego County Sheriff's Department, County of San Diego ("County"), and Does 1 through 10.

On June 9, 2025, Defendant Gonzalez filed a Response in Opposition to the Motion to Amend Complaint (ECF No. 50), and a supporting declaration asserting that the "Defense was not provided with a copy of the proposed changes" to the Complaint until June 6, 2025. On June 23, 2025, the Court issued an Order granting Defendant Gonzalez more time to file a substantive response to Plaintiff's Motion to Amend Complaint. (ECF No. 51.)

On July 7, 2025, Defendant Gonzalez filed a Response in Opposition ("Defendant's Response") (ECF No. 55) to Plaintiff's Motion to Amend Complaint. On July 14, 2025, Plaintiff filed a Reply ("Plaintiff's Reply") (ECF No. 56) to Defendant's Response.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15 mandates that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). District courts consider several factors when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052.

## III.  DISCUSSION

Defendant Gonzalez contends that granting leave to amend would prejudice him because Plaintiff's state-law claims are "untimely" and Plaintiff made "no efforts [] to comply with the [California] Government Tort Claims Act . . . ." (ECF No. 55 at 2–4.) Defendant Gonzalez further contends that Plaintiff's amended federal constitutional claims are "conclusory" and "should be dismissed" because they "fail[] to allege sufficient facts to substantiate *Monell* [*v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)] liability." (*Id.* at 2, 4, 6, 7.) Lastly, Defendant Gonzalez argues Plaintiff's negligence claims "should be removed" because the "County is immune from liability for any injuries" caused to prisoners. (*Id.* at 7–8.)

Plaintiff contends that leave to amend should be granted because he "attempted to pursue [his state-law] claim in a timely manner and had a good[-]faith basis to believe that he had filed the claim on time." (ECF No. 48 at 8.) Plaintiff further contends that several factors should excuse the "late filing" of his state-law claim, including "inadequate access to the law library" while incarcerated, his "lack of education and ignorance of the law," and "long-term impacts from excessive force." (*Id.* at 10–11.) Additionally, Plaintiff contends that amendment will not prejudice Defendant Gonzalez because "he was only two months late" and the initial Complaint put Defendant Gonzalez on notice of his claims. (*Id.* at 11.)

"'Undue prejudice' means substantial prejudice or substantial negative effect." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). To meet its burden of demonstrating prejudice, the non-movant must show that amendment "greatly alters the nature of the litigation and requires defendants to undertake, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Here, Defendant Gonzalez provides no evidence that amendment would cause such prejudice—especially given the relatively early stage of litigation. *See Leighton*, 833 F.3d at 188 (finding no prejudice where, as here, the case was "still at the discovery stage with no trial date pending").

After consideration of the parties' submissions, the Court concludes that the remaining *Foman* factors do not warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis omitted); *see Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on [futility] ground[s] is rare."). The Court applies an "especially permissive" standard here because Plaintiff filed his initial Complaint pro se. *Schwartz v. Miller*, No. 23-1343, 2025 WL 2473008, at *9 (9th Cir. Aug. 28, 2025) (citing *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc)).

Defendant Gonzalez makes several arguments challenging the merits of the FAC, including that the amended 42 U.S.C. § 1983 allegations fail to state a claim and that the

4

County enjoys immunity from negligence liability. (*See* ECF No. 55 at 4–7.) The Court will defer consideration of arguments on the merits of the FAC until after the filing of a substantive motion challenging those merits. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963) (stating that "the sufficiency of an amended pleading ordinarily will not be considered on a motion for leave to amend"); *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C–04–4708, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint (ECF No. 48) is granted. The FAC (ECF No. 49) is considered the operative pleading. Defendant Gonzalez shall file a response to the FAC no later than 14 days from the date this Order is filed.

The Clerk of the Court shall issue a summons for each Defendant who is named for the first time in the FAC (Defendants Jose De La Torre, San Diego County Sheriff's Department, and County of San Diego), as requested by Plaintiff. (*See* ECF No. 52.) Plaintiff shall serve the newly named Defendants within the time allowed by the applicable rules.

Dated:  September 12, 2025

Hon. William Q. Hayes
United States District Court

3:23-cv-02026-WQH-DDL