UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DAWEL GOMEZ,<br><br>                                   Plaintiff,<br><br>v.<br><br>JOSE DE LA TORRE,<br><br>                                   Defendant. | Case No.:  23-cv-2026-WQH-DDL<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DE LA TORRE'S MOTION TO DISMISS** |

Before the Court is Defendant Jose De La Torre's Motion to Dismiss ("Motion"). Dkt. No. 88. This Report and Recommendation is submitted to United States District Judge William Hayes pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1. For the reasons stated below, the undersigned **RECOMMENDS** the Motion be **GRANTED IN PART AND DENIED IN PART**.

**I.**

**INTRODUCTION**

Plaintiff Christopher Gomez alleges that two San Diego Sheriff's Office deputies, Defendants Emilio Gonzalez and Jose De La Torre, violated his constitutional rights by using excessive force during his booking at the San Diego Central Jail. Dkt. No. 49 – First Amended Complaint ("FAC"), ¶¶ 17-20. Defendants Gonzalez and the County of San Diego have answered Plaintiff's

1

Amended Complaint, but De La Torre moves to dismiss, arguing that (1) Gomez did not exhaust his administrative remedies prior to bringing suit; (2) Gomez's federal claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); and (3) Gomez's state law claims must be dismissed because he failed to allege compliance with the California Government Tort Claims Act.

The Court previously addressed and rejected identical arguments on the issues of exhaustion of administrative remedies and the *Heck* doctrine in recommending denial of a functionally identical motion to dismiss brought by Gonzalez, and De La Torre's arguments in the instant motion fail for the same reasons. However, De La Torre is correct that Gomez fails to allege compliance with the Government Claims Act, which compels dismissal of his state law claims.

## II.

## BACKGROUND

### A.    Procedural History

On November 1, 2023, Plaintiff (proceeding *pro* se) filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Gonzalez and the "San Diego Central Jail." *See* Dkt. No. 1. Plaintiff alleged that Gonzalez engaged in "excessive force [and] cruel and unusual punishment" during Plaintiff's arrest and processing on April 23, 2023, and that the "San Diego Central Jail" failed to protect him from cruel and unusual punishment. On November 14, 2023, after conducting the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the Court dismissed San Diego Central Jail, finding it was not subject to suit under § 1983. Dkt. No. 3 at 5. However, the Court found Plaintiff's allegations against Gonzalez were sufficient to meet the "low threshold" for proceeding. *Id*. at 7.

On April 26, 2024, Gonzalez moved to dismiss the Complaint, arguing that Plaintiff failed to exhaust his administrative remedies, the *Heck* doctrine bars his claims, and he failed to allege sufficient facts to state an excessive force theory of liability under § 1983. Dkt. No. 11. Plaintiff opposed the motion. Dkt. No. 21. On

2

November 6, 2024, the Court issued a Report and Recommendation ("R&R") recommending denial of the motion to dismiss. Specifically, the R&R concluded that (1) the issue of whether Plaintiff exhausted his administrative remedies could not be decided on a motion to dismiss, (2) whether the *Heck* doctrine bars Plaintiff's § 1983 claims could not be resolved on the current record, and (3) Plaintiff's Complaint stated a claim for the use of excessive force. Dkt. No. 25. Thereafter, District Judge Hayes adopted the R&R in full and denied the motion to dismiss. Dkt. No. 30.

Plaintiff filed his FAC on June 6, 2025. Dkt. No. 49. The FAC asserts claims against Gonzalez, De La Torre, the County of San Diego and the San Diego County Sheriff's Department as follows:

| Cause of Action | Defendants |
| --- | --- |
| **First Cause of Action** "Violation of Civil Rights Causing Injury" | Gonzalez, De La Torre, and "County of San Diego dba San Diego County Sheriff's Department" |
| **Second Cause of Action** "Failure to Supervise Causing Constitutional Violation" | County of San Diego and San Diego County Sheriff's Department |
| **Third Cause of Action** "Violation of [§ 1983] For Custom and Practice (*Monell*)" | County of San Diego and San Diego County Sheriff's Department |
| **Fourth Cause of Action** Negligence | Gonzalez, De La Torre, County of San Diego, and San Diego County Sheriff's Department |
| **Fifth Cause of Action** Battery | Gonzalez and De La Torre |

23-cv-2026-WQH-DDL

**B.    Factual Allegations**

Plaintiff alleges he was "involved in a car collision" on April 18, 2023.  FAC ¶ 17.  He was "taken into custody by San Diego Police officers and transported to San Diego County Jail."  *Id.*, ¶ 18.  At the San Diego Central Jail, Gonzalez and De La Torre "use[d] force that rendered Plaintiff unconscious and to suffer physical, mental and emotional injuries."  *Id.*, ¶ 19.  Specifically, Plaintiff alleges that Gonzalez and De La Torre (1) grabbed his finger in a painful manner, (2) berated and taunted him, (3) punched him in the face, (4) threw him to the ground, (5) placed their body weight on his back and tied his legs down while applying a choke hold, and (6) placed a "spit sock" over his head.  *Id.*, ¶ 20.

## III.

## LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[1]  To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6).  The court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party," *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007), but need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F. 3d 1049, 1055 (9th Cir. 2008).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572

---

[1]    Unless otherwise noted, all internal quotations marks, ellipses, brackets, citations, footnotes and parallel reporter citations are omitted.

23-cv-2026-WQH-DDL

F.3d 962, 969 (9th Cir. 2009).

## IV.

## DISCUSSION

**A.    Consideration of Matters Outside the Complaint**

De La Torre submits documents outside of the pleadings with his motion. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment . . . [b]ut a court cannot take judicial notice of disputed facts contained in such public records." *Id.* at 999.

De La Torre requests the Court take judicial notice of a document titled "Notice of Returned Claim," issued by the Office of County Counsel Claims and Investigation Division to Plaintiff on January 2, 2024; three records from *The People of the State of California v. Christopher Gomez*, San Diego Superior Court case number CD298705; and portions of Plaintiff's deposition transcript in this matter. Dkt. Nos. 88-3, 88-4, 88-5, 88-6 and 88-7. Plaintiff's opposition does not address the request for judicial notice.

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of facts "generally known within [its] territorial jurisdiction" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1) and (2). The Court may take judicial notice of "court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir.2006).

The Court takes judicial notice of the Notice of Returned Claim form as a public record that is "not subject to reasonable dispute." *Reid v. City of Oakland*, No. 25-CV-00383-JST, 2025 WL 2172721, at *3 (N.D. Cal. July 31, 2025) (taking judicial notice of claim form). *See Est. of Upton v. Cnty. of Riverside*, No. EDCV

23-2655 JGB (SHKX), 2024 WL 4403899, at *2 (C.D. Cal. Aug. 26, 2024) (taking judicial notice of "Notice of Returned Claim" form).

The Court also takes judicial notice of the records from Plaintiff's Superior Court criminal case. *See Gonzales v. City of Los Angeles*, No. 220CV03519JGBMAA, 2021 WL 4442409, at *3 (C.D. Cal. Mar. 10, 2021), *report and recommendation adopted*, No. 220CV03519JGBMAA, 2021 WL 4434341 (C.D. Cal. May 27, 2021) (taking judicial notice of court document as "a public record that is not subject to reasonable dispute," and collecting cases). These documents are relevant to the Court's disposition of De La Torre's argument that the *Heck* doctrine bars Plaintiff's claims. For these reasons, the Court takes judicial notice of the charges brought against Plaintiff, his subsequent guilty plea to two of those counts, and his resulting sentence and incarceration, as reflected in the Superior Court documents.

The Court declines to take judicial notice of Plaintiff's deposition transcript. "Courts in this circuit have denied requests for judicial notice of deposition transcripts pursuant to Federal Rule of Evidence 201(b)(2)." *Hinrichsen v. Bank of Am.*, N.A., No. 17CV219-DMS(RBB), 2018 WL 11649570, at *3 (S.D. Cal. June 5, 2018) (collecting cases). De La Torre provides no contrary authority that would support taking judicial notice of Plaintiff's deposition testimony.

**B.     De La Torre's Arguments**

As noted above, De La Torre's arguments that Plaintiff failed to exhaust his administrative remedies and that the *Heck* doctrine bars Plaintiff's federal claims are identical to the arguments previously raised by Gonzalez in a prior motion to dismiss. Accordingly, the analysis of those arguments below mirrors the prior R&R's discussion of Gonzalez's motion, and the Court recommends denial of De La Torre's motion on these grounds for the same reasons set forth in the R&R.

/ / /

/ / /

23-cv-2026-WQH-DDL

## 1.   Exhaustion of administrative remedies

In his original Complaint, Plaintiff responded "No" to the question whether he had "previously sought and exhausted all forms of available relief from the proper administrative officials" regarding the acts alleged in the Complaint.  Dkt. No. 1 at 6.   As best the Court can tell, the FAC does not address exhaustion of administrative remedies.

De La Torre asserts the FAC is subject to dismissal because Plaintiff "admits in his pleadings that he failed to exhaust all forms of available administrative relief." Dkt. No. 88-1 at 6.  Plaintiff responds that the Court already addressed this issue in denying Gonzalez's motion.  He further contends "the FAC adds allegations explaining Plaintiff's incarceration status, limited access, and reasonable belief that grievance procedures were unavailable or ineffective," although he fails to cite the relevant FAC paragraphs that he contends contain this information.  Dkt. No. 92 at 4.

### a   Legal standards

An inmate bringing a § 1983 action must exhaust "such administrative remedies as are available" before filing suit in federal court.  42 U.S.C. §1997e(a). This requirement "give[s] an agency the opportunity to correct its own mistakes before being dragged into federal court" and "promote[s] greater efficiency and economy in resolving claims."  *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015).  Exhaustion of available remedies "is mandatory," but a prisoner's "failure to exhaust a remedy that is effectively unavailable does not bar a claim from being heard in federal court."  *Soto v. Sweetman*, 882 F.3d 865, 869-70 (9th Cir. 2018).

Failure to exhaust is an affirmative defense for which the defendant bears the burden of proof.  *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). To prevail, the defendant must show "there was an available administrative remedy [the plaintiff] did not exhaust."  *Eaton v. Blewett*, 50 F.4th 1240, 1246 (9th Cir. 2022).  In "rare cases," a prisoner's failure to exhaust may be "clear from the face

23-cv-2026-WQH-DDL

of the complaint," and the defendant may "successfully move under Rule 12(b)(6) for failure to state a claim." *Albino*, 747 F.3d at 1169. To grant a motion to dismiss on the basis of a prisoner's failure to exhaust, the district court must "be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without valid excuse." *Id.* (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)).

### b. Application

That Plaintiff did not pursue an administrative grievance is undisputed: he indicated on his form Complaint he had not "sought and exhausted all forms of available relief from the proper administrative officials regarding" the allegations in his complaint. Dkt. No. 1 at 6. Bearing in mind that "Rule 8 does not require plaintiffs to plead around affirmative defenses," *see U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019), the Court does not find Plaintiff's check-the-box response is a sufficient basis upon which to find conclusively that Plaintiff failed to exhaust his available administrative remedies "without valid excuse." *Albino*, 747 F.3d at 1169.

The record is devoid of any information regarding the administrative remedies available to Plaintiff, the grievance procedures by which Plaintiff could or should have pursued those remedies, or whether any failure to follow the applicable procedures should be excused, either because of a sincerely held and objectively reasonable fear of retaliation or another reason. Because there is a "need for further factual development" on the issue of exhaustion, dismissal is inappropriate. *See McBride*, 807 F.3d at 985.

Accordingly, the undersigned **RECOMMENDS** De La Torre's Motion for dismissal on this basis be **DENIED** without prejudice to raising the issue in a

subsequent summary judgment motion, on a more developed record.[2]

### 2. The *Heck* Doctrine

De La Torre argues that since Plaintiff pled guilty to "resisting arrest through force or violence" in violation of California Penal Code § 69, he is "now barred from bringing § 1983 claims for malicious prosecution, false arrest and excessive use of force" under *Heck*. Dkt. No. 88-1 at 8. Plaintiff responds the Court "fully considered and rejected" this argument in denying Gonzalez's motion to dismiss. Dkt. No. 92 at 4. Plaintiff is correct.

### a. Legal standards

In *Heck*, the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (emphasis in original). *Heck*'s prohibition applies to convictions resulting from a guilty plea. *See Martell v. Cole*, 115 F. 4th 1233, 1236 (9th Cir. 2024).

---

[2] The Court is aware of the Ninth Circuit's directive that "exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino*, 747 F.3d at 1170. If the District Court accepts this Report and Recommendation and the case proceeds, the undersigned will consider any reasonable proposal to bifurcate discovery or otherwise expedite resolution of the issue of exhaustion. *See id.* ("If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later . . . discovery directed to the merits of the suit.").

23-cv-2026-WQH-DDL

The *Heck* court's holding flows from the principle that a prisoner's challenge to the fact or duration of their confinement is at "the core of habeas corpus," which provides the "exclusive remedy" for unconstitutional imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 487-89 (further noting the appellant's counsel "conceded . . . a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus"); *accord McDonough v. Smith,* 588 U.S. 109, 118 n.6 (2019) (noting "Congress has determined that a petition for writ of habeas corpus, not a § 1983 action, is the appropriate remedy for state prisoners attacking the . . . fact or length of their confinement").

### b.    Application

De La Torre is correct that Plaintiff pled guilty to violating Penal Code § 69, resisting an executive officer. A necessary element of that offense is that the officer was performing "duty imposed . . . by law," which necessarily means the officer was using lawful force. *See* Cal. Penal Code § 69 (West 2016); *see also Winder v. McMahon*, 345 F. Supp. 3d 1197, 1201 (C.D. Cal. 2018) (noting "an element of a charge for resisting arrest (under either Penal Code § 148 or § 69) is that the officer defendants acted properly, without the use of excessive force"); *Sanders v. City of Pittsburg*, 14 F.4th 968, 971 (9th Cir. 2021) (finding under similar statute "[t]he use of excessive force by an officer is not within the performance of the officer's duty").

However, the Ninth Circuit holds that "[e]xcessive force used after an arrest is made does not destroy the lawfulness of the arrest." *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001). "Hence, if [De La Torre] used excessive force subsequent to the time [Plaintiff] interfered with his duty, success in [Plaintiff's]

23-cv-2026-WQH-DDL

section 1983 claim will not invalidate [his] conviction[, and] *Heck* is no bar." *Id.*[3] As one court explained, "a plaintiff alleging excessive force does not collaterally attack his conviction or deny that he resisted[, but] [r]ather . . . claims that he suffered unnecessary injuries because the response to his resistance was not objectively reasonable." *Hooper*, 629 F.3d at 1133 (quoting *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006)).

Therefore, to determine whether *Heck* bars Plaintiff's excessive force claim, the Court must look to the factual basis for Plaintiff's guilty plea. *See Martell*, 115 F.4th at 1236 ("When the conviction is based on a guilty plea, we look at the record to see which acts formed the basis for the plea."). Neither the charging documents nor the record of Plaintiff's plea provide enough information for the Court to answer the "question [of] whether the specific act for which the plaintiff was convicted was resistance to the particular use of force the plaintiff alleges was unlawful." *Id.* at 1238. The charging document merely recites the elements of the charge. Dkt. No. 88-4 at 3. Plaintiff's guilty plea recites as follows: "I admit that on the dates charged, I . . . unlawfully by means of threats and violence, attempted to deter an executive officer from performing a duty imposed by law in the performance of his duties in viol[ation] [of] P[enal] C[ode] [§] 69." Dkt. No. 88-5 at 5. This factual basis

---

[3] *See also Sanders*, 14 F.4th at 971 (finding *Heck* would not bar claim for excessive force "if the alleged excessive force occurred *before* or *after* the acts that form the basis of the [conviction], even if part of one continuous transaction") (emphasis in original); *Beets v. County of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012) ("[A]n allegation of excessive force by a police officer would not be barred by *Heck* if it were distinct temporally or spatially from the factual basis for the person's conviction."); *Winder*, 345 F. Supp. 3d at 1202 (finding a conviction under Penal Code § 69 "can be valid even if, during a single continuous chain of events, some of the officer's conduct was unlawful, because the conviction itself requires only that *some* lawful police conduct was resisted, delayed, or obstructed during that continuous chain of events") (citing *Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1131 (9th Cir. 2011)) (emphasis added).

23-cv-2026-WQH-DDL

does not identify the act upon which his conviction for violating Penal Code § 69 rests.

In sum, it is not clear from this record which act or acts of resistance form the basis of Plaintiff's guilty plea, where those acts fall in the timeline of events on April 18, 2023, and – importantly – whether those acts can be divided temporally or otherwise from Defendant's alleged use of excessive force (which itself appears to consist of two distinct and possibly divisible acts).[4]  Because "the record is silent about which one (or more) of [Plaintiff's] resisting or obstructing acts was (or were) the factual predicate of his guilty plea," the Court cannot conclude that Defendant used excessive force "would necessarily imply the invalidity of [Plaintiff's] conviction."  *See Martell*, 115 F.4th at 1239; *see also Winder*, 345 F.Supp.3d at 1204-05 (contrasting *Heck* analysis at summary judgment where the record included the "factual basis" for the plaintiff's no contest plea with a motion to dismiss, where all allegations must be taken as true, and it was "possible to construe [Plaintiff's] plea as consistent with the facts alleged in his complaint"). The Court finds the current record is insufficient to support a finding that *Heck* bars Plaintiff's excessive force claim.

Accordingly, the undersigned **RECOMMENDS** Defendant's motion for dismissal on this basis be **DENIED** without prejudice to raising the issue at summary judgment, on a more developed record.

### 3. Government Claims Act

De La Torre asserts Plaintiff's negligence and battery claims must be dismissed because Plaintiff failed to comply with the Government Claims Act, which sets forth predicate requirements for bringing state-law claims against a

---

[4]  Indeed, although it appears undisputed based on Plaintiff's allegations, it is not even clear from the charging documents and guilty plea which officer's lawful duties Plaintiff obstructed.

23-cv-2026-WQH-DDL

public entity or employee. *See* Cal. Gov. Code §§ 900 *et seq*. Plaintiff's opposition correctly notes that, as explained in the R&R, the Government Claims Act is inapplicable to his federal claims under § 1983. *See, e.g.*, *Stone v. City and Cnty. of San Francisco*, 735 F. Supp. 340, 345 (N.D. Cal. 1990) ("a claimant need not comply with California tort claim requirements prior to filing a section 1983 action"). But Plaintiff fails to acknowledge that while his original Complaint alleged only § 1983 claims, the FAC alleges state law claims for negligence and battery as to which the California Government Claims Act applies.

"In order to bring suit for damages against a public entity, the California Government Claims Act requires that a plaintiff give notice to the public entity with written claims and that the public entity reject those claims." *Martinez v. Cnty. of Riverside*, No. EDCV222144JGBSHKX, 2023 WL 4680791, at *3 (C.D. Cal. June 8, 2023). Compliance with the statute is a "condition precedent" to the plaintiff's ability to maintain an action against a public or employee and thus is "an integral part of [the] plaintiff's cause of action." *Id.* Because compliance is "an actual element of the plaintiff's cause of action," the plaintiff's complaint "must allege facts demonstrating or excusing compliance with the claim presentation requirement." *McDaniel v. Diaz*, No. 120CV00856NONESAB, 2020 WL 7425348, at *28 (E.D. Cal. Dec. 18, 2020), amended, No. 120CV00856NONESAB, 2021 WL 39656 (E.D. Cal. Jan. 5, 2021) (dismissing state law claims for failure to allege compliance with Government Claims Act).

The County asserts that Plaintiff's FAC fails to plead compliance with the Government Claims Act, and the Court takes judicial notice of the Notice of Returned Claim form. Plaintiff's opposition does not respond to this argument, and the FAC does not allege any facts demonstrating or excusing compliance with the Act's claim presentation requirement. The FAC's failure to include such allegations compels dismissal of Plaintiff's negligence and battery claims. *Martinez*, 2023 WL 4680791, at *3. Because Plaintiff may be able to plead compliance with the Act,

23-cv-2026-WQH-DDL

the Court recommends that dismissal be with leave to amend. *Id.*

Accordingly, the undersigned **RECOMMENDS** De La Torre's motion to dismiss Plaintiff's fourth cause of action (negligence) and fifth cause of action (battery) be **GRANTED WITH LEAVE TO AMEND**.

## V.

## CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Judge issue an Order:

1.  Approving and adopting this Report and Recommendation in its entirety;

2.  Denying De La Torre's Motion to Dismiss Plaintiff's first cause of action;

3.  Granting De La Torre's Motion to Dismiss Plaintiff's fourth and fifth causes of action with leave to amend; and

4. Directing Plaintiff to either file a Second Amended Complaint or elect to stand on the First Amended Complaint.

**IT IS HEREBY ORDERED** that any objections to this Report and Recommendation must be filed by not later than **February 5, 2026**.  Any response to a party's objections must be filed by not later than **February 12, 2026**.  Failure to timely file objections may waive the right to raise those objections on appeal. *See Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

**IT IS SO ORDERED.**

Dated: January 29, 2026

Hon. David D. Leshner
United States Magistrate Judge

14